Cowans v. Fleming.

---

No. 27,180.

Ross Cowans, *Appellee,* v. Fred W. Fleming and Francis M. Wilson, Receivers of The Kansas City Railways Company, *Appellants.*

SYLLABUS BY THE COURT.

Street Railroads—*Collision With Automobile—Negligence.* In an action for damages resulting from a collision of an automobile with a street car, the answers to special questions are examined and held to show negligence of plaintiff and a lack of negligence of defendants which preclude plaintiff's recovery.

Appeal from Wyandotte district court, division No. 3; William H. McCamish, judge. Opinion filed March 12, 1927. Reversed.

E. S. McAnany, M. L. Alden, T. M. Van Cleave and C. C. Glandon, all of Kansas City, for the appellants.

J. H. Brady, T. F. Railsback, both of Kansas City, and W. B. DeArmond, of Kansas City, Mo., for the appellee.

Street Railroads, 33 Cyc. pp. 1643 n. 27, 1647 n. 46.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages to an automobile and for personal injuries. It grew out of the same collision as the case of *Mallory v. Fleming*, this day decided. The jury answered special questions and returned a verdict for plaintiff. Defendants have appealed. Special questions were answered as follows:

"1. State the rate of speed of the northbound street car as it crossed Wood avenue. A. Ten or twelve miles per hour.

"2. Did the plaintiff slacken the speed of his auto before entering either street car track? A. Yes.

"3. If you answer question No. 2 in the affirmative, then state the rate of speed of the auto before the plaintiff slackened his speed. A. Fifteen or eighteen miles per hour.

"4. If you answer question No. 2 in the affirmative, then state where with reference to the west street car track the plaintiff's auto was at the time the speed of the auto was slackened. A. About twenty feet.

"5. If you answer question No. 2 in the affirmative, then state where the northbound street car was with reference to the south line of Wood avenue, when the speed of plaintiff's auto was slackened. A. Just entering south line of Wood avenue.

"7. What distance, if any, had the northbound street car proceeded into Wood avenue when plaintiff drove auto onto west street car track? A. About ten feet.

"8. What part of the left side of northbound street car was struck by plaintiff's auto, with reference to the front end, rear end or middle? A. Two feet back of center of car.

"9. Where was plaintiff's auto with reference to the west street car track when plaintiff first saw northbound street car? A. Ten feet.

"10. Where was the northbound street car with reference to the south line of Wood avenue when plaintiff first saw it? A. Coming to a stop about four feet from south line of Wood avenue.

"11. State fully each and every and all act or acts of negligence of which you find the defendants guilty, if you so find them guilty. A. Motorman should have stopped.

"12. Did the motorman on the northbound street car accelerate the speed of said street car at some time before reaching, while entering or while crossing Wood avenue? A. Yes.

"13. If you answer question No. 12 in the affirmative, then state exactly and definitely where with reference to the south line of Wood avenue the speed of the northbound street car was accelerated. A. While entering Wood avenue."

Appellants argue several questions. It will be necessary to consider but one of them. They contend that the court erred in overruling their motion for judgment in their favor, on the answers to special questions, nothwithstanding the general verdict. This con-

Cowans v. Fleming.

tention must be sustained. By these answers it was determined that the speed of the street car was accelerated while entering Wood avenue (13); that it crossed Wood avenue at ten to twelve miles per hour (1); that plaintiff slackened the speed of his auto when he was twenty feet west of the west street car track (4), at which time the street car was just entering Wood avenue (5). Why plaintiff, who had been going only fifteen to eighteen miles per hour (3), and who had slackened his speed twenty feet west of the west street car track (perhaps thirty feet west of a line of danger), with the street car entering Wood avenue from the south with accelerated speed, should drive forward and strike the side of the street car two feet back of the center (8), may be difficult to explain, but it is clear these facts show negligence of plaintiff and that they do not show negligence of defendants. Under these facts plaintiff cannot recover.

But one other thing need be mentioned. Some of the instructions of the court seem to authorize the jury to apply the doctrine of the last clear chance to the facts in the case, and quite a little is said about that in the argument. That doctrine has no application to the facts disclosed by the evidence in this case. The attempt to authorize its use was erroneous.

The judgment of the court below will be reversed, with directions to enter judgment for defendants.